836 F.2d 549
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael J. COLEMAN, Plaintiff-Appellant,
v.
CITY OF BRUNSWICK, Clayton Crook, Dale Kozlik, Thomas
Miller, and Joseph McDermott, Defendants-Appellees,
Judith Coleman, Defendant.
 No. 86-4167.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1987.
 
 Before LIVELY, Chief Judge, CORNELIA G. KENNEDY, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Michael J. Coleman, was arrested by a police officer of the City of Brunswick, Ohio and charged with the offense of domestic violence in violation of Ohio Rev.Code Sec. 2919.25 under a complaint filed by plaintiff's wife, defendant Judith A. Coleman. The record established that several Brunswick police officers were dispatched to the Coleman's home at approximately 5:30 a.m. on February 12, 1984 in response to requests for assistance from Judity Coleman. Mrs. Coleman had barricaded herself in an upstairs bedroom in the home and had telephoned the police for help. The police dispatcher informed the officers that there was a possible hostage situation and that the Colemans might have firearms in their possession. The Brunswick police were also aware that the Colemans previously had been involved in a domestic dispute and Mr. Coleman had allegedly threatened his wife and children.
 
 
 2
 When the police arrived at the Coleman residence Mrs. Coleman threw her door key out of the second story window to the officers standing below. The police officers, however, knocked on the front door and Mr. Coleman opened the door for them to enter. The officers frisked Coleman and determined that he was not armed. Mrs. Coleman was hysterical and crying. She indicated that she intended to sign a charge against Mr. Coleman for domestic violence. It is unclear from the record whether Mrs. Coleman provided the police with her written statement either immediately before or after the officer arrested Mr. Coleman.
 
 
 3
 On June 14, 1985 Michael Coleman filed a complaint in district court based on 42 U.S.C. Sec. 1983 and pendent state claims. The court subsequently granted summary judgment to the defendants City of Brunswick and police on the constitutional claims, and dismissed the pendent state claims without prejudice.
 
 
 4
 Michael Coleman argues on appeal that the defendant police officers did not have probable cause to make a warrantless arrest. Coleman also asserts that the Ohio domestic violence statute, Ohio Rev.Code Sec. 2935.03(B), is unconstitutional because it allows an officer to make an arrest based on a written statement of the victim and does not require a determination of probable cause.
 
 
 5
 We find that Coleman's arrest was clearly permissible and that Judge Dowd correctly concluded that probable cause existed to execute a warrantless arrest based upon the communication from the dispatcher, the prior history of a domestic violence complaint, Mrs. Coleman's demeanor at the time the police entered the house and Mrs. Coleman's stated intent to press charges against Coleman. Coleman argues that the Ohio domestic violence statute permits a lesser showing than the constitutionally required standard of probable cause before making an arrest and that an arrest can only be made upon the basis of a written statement. Notwithstanding the written statement, we agree with the district court that the police officers in Brunswick had probable cause to make a warrantless arrest under the existing circumstances and we need not reach the issue of the constitutionality of the Ohio domestic violence statute.
 
 
 6
 Accordingly, the decision of the district court is AFFIRMED.